## Russell v. Erie Indemnity Company

Before Griffith, P. J., McDonald and McWilliams, J. J.

*W. L. Coppersmith*, for plaintiff.

*R. Thomas Strayer*, for defendant.

McDONALD, J., August 8, 1967,—The complaint alleges that on June 11, 1965, a Pioneer family automobile policy of insurance, issued to plaintiff by Erie Insurance Exchange, was in force. The subscribers of the Erie Insurance Exchange are represented by Erie Indemnity Company as attorney-in-fact, defendant.

On the above date, plaintiff's son, William Jeffrey Russell, was struck and killed by an automobile in Cambria County. According to defendant's new matter (paragraphs 8 and 9), admitted by plaintiff in his reply, deceased was not a member of plaintiff's household, but had, since June, 1959, lived with Mr. and Mrs. Paul Alwine, at R. D. No. 2, Johnstown, Pa.

Plaintiff claims he is entitled to payment of the death benefit under part II of the policy, as surviving kin of deceased. It is admitted the payment, if defendant is liable, is in the amount of $500.

By stipulation, a copy of the policy has been made a part of the record. Plaintiff has moved for judgment on the pleadings, and the motion was argued before the court en banc.

The policy provides as follows:

"PART II—EXPENSES FOR MEDICAL SERVICES AND DEATH BENEFIT

"(See Part VI for definition of words in *bold type*)

"*Coverage A-1—Medical Payments and Death Benefit*

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, hearing aids, eyeglasses and pharmaceuticals, and necessary ambulance, hospital, licensed nurse and funeral services:

"*Division 1.* To or for the *named insured* and each *relative* who sustains *bodily injury* caused by accident. . . .

"(c) through being struck by an automobile or by a trailer of any type, and in the event of death resulting therefrom to any such person within said year and there be *surviving kin*, to pay as a Death Benefit for anyone over the age of one year to any such *surviving kin* chosen by the *ERIE* or to the estate of the decedent, any balance remaining from the Limit of Liability per

person after payment of such expenses, provided that in no event the amount of such Death Benefit shall be less than 50% of the Medical Payments Limit of Liability stated in the Declarations".

The phrase in (c) above, "to any such person" relates to the words "named insured" and "relative" as they appear in division 1. Thus, the policy provides for death benefit payments to the surviving kin of the named insured, or a relative as defined in the policy, if such person be "struck by an automobile" and death results within a year.

Part VI sets forth "Policy Definitions" of terms used in the policy, and at its heading, the following is stated: " (The following definitions apply to all parts of the policy except where otherwise noted.) " There are no exceptions to these definitions noted in part II, although such may be found in part III, coverages A-2 and A-3, and part IV. We are not concerned with these latter provisions, but it is significant there are no exceptions to the definitions hereinafter stated as they apply to part II, while such do appear in other parts of the policy.

Part VI defined "named insured" and "relative" as follows:

" 'named insured' means the Subscriber named in Item 1 of the Declarations and also his *spouse*, if resident of the same household. . . .

" 'relative' means if a resident of the same household, (a) a relative or ward of the *named insured,* and (b) any other person under 21 years of age in care of the *named insured;*"

Although deceased was plaintiff's relative, and plaintiff his surviving kin, we must conclude that he was not covered under this policy, since he was not "a resident of the same household" (of plaintiff, who is a named insured).

While plaintiff argues that, as surviving kin, he is entitled to payment, that term is used in part II, division 1(c), to designate the person to whom payment could be made, and in no way extends or limits the definition of "relative" above set forth. He is not entitled as surviving kin to the death benefit payment, unless the deceased is a relative as defined by the policy definitions. Under the facts in this case, he was not.

The policy states, in the preamble on page 1:

"To help you understand this policy, we have defined in Part VI certain key words that have a special meaning in this policy, rather than the ordinary dictionary meaning. These special words are printed in bolder type than the balance of the policy, as for example: *'insured'* ".

Hence, the definition above referred to, which is part of the contract, limits the ordinary dictionary meaning of the word "relative". Its applicability to part II is made clear by the heading of each part of the policy, including part II, which refers the subscriber to part VI for definitions of words in bold type. The word "relative" appears in bold type in division 1 of part II, and the only reasonable conclusion is that it is limited to a relative resident in the named insured's household.

While a policy of insurance is to be strictly construed against the insurer, we are satisfied there is no ambiguity and the policy provisions are clear. Plaintiff contends the preamble is puffery, in that defendant claims the policy "contains more than 31 Xtra Protection Features not found in the ordinary automobile policy" and that one of these features, indicated by an "X" in the margin, is the word "relative". We have no way of knowing whether there is an additional charge in other policies for these "Xtra Protection Features", and, hence, whether this is puffery, but there certainly is no misrepresentation in this policy of the meaning of

the word "relative" which would induce us to extend the limits of coverage as urged by plaintiff.

ORDER

Now, August 8, 1967, after argument and upon consideration of the record and briefs, it is hereby ordered and directed that judgment be entered for defendant and against plaintiff.